JAMES F. BREWSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brewster v. Commissioner
Docket No. 22592-91
United States Tax Court
T.C. Memo 1993-382; 1993 Tax Ct. Memo LEXIS 387; 66 T.C.M. (CCH) 482; August 24, 1993, Filed *387 James F. Brewster, pro se. For respondent: David Mungo. FAY
FAY
MEMORANDUM OPINION FAY, Judge: The instant case is before the Court on respondent's oral motion to dismiss for lack of prosecution made during the trial of this case on February 10, 1993. We proceed to consider respondent's motion as a motion to dismiss for failure to properly prosecute pursuant to Rule 123(b). [1] By statutory notice of deficiency, respondent determined deficiencies in and additions to petitioner's Federal income tax in the following amounts: Additions to Tax Sec.
Sec.
Sec.
6651
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(2)
1983
$ 13,197
$ 1,511.00
$ 660.00
[1]
1984
11,779
2,300.00
589.00
[1]
1985
13,934
3,484.00
697.00
[1]
1986
7,056
--
--
--
1987
8,113
--
--
--
1988
6,815
291.75
340.75
--
Additions to Tax Sec. Sec. 6653 6653 Sec. Sec. Year
(b)(1)(A)
(b)(1)(B)
6654(a)
6661 1983
-- --
-- $ 3,299
1984
-- --
-- 2,300
1985
-- --
-- 3,484
1986
$ 5,292
[2]
$ 325
-- 1987
6,085
[2]
407
-- 1988
-- --
-- -- *388 At the time of the filing of his petition, petitioner was a resident of Denver, Colorado. In his petition, petitioner assigned error to all the adjustments made by respondent in the statutory notice of deficiency for all the years at issue. [2]
Respondent timely filed an answer denying petitioner's allegations of error with respect to the foregoing deficiencies and additions to tax and setting forth specific allegations *389 of fraud in support of the fraud additions. Petitioner failed to file a timely reply to respondent's answer within the 45-day time period prescribed in Rule 37(a), prompting respondent to file a Motion for Entry of Order That Undenied Allegations in Answer Be Deemed Admitted pursuant to Rule 37(c). Since petitioner failed to file a timely response, the Court granted respondent's motion under Rule 37(c), and the undenied allegations set forth in respondent's answer were deemed admitted. See ; . During the remaining pretrial preparation period, petitioner failed to meet with respondent, failed to execute a proper stipulation, and failed to provide records to respondent in accordance with this Court's standing pretrial order. Accordingly, respondent sought and obtained from this Court orders dated December 31, 1992, and January 6, 1993, by which this Court ordered petitioner to produce documents and answer interrogatories previously requested by respondent. These orders specifically stated that sanctions, including dismissal *390 and entry of an adverse decision, could be imposed on petitioner if petitioner failed to fully comply with our orders. Petitioner made no attempt to comply with this Court's orders. This case was called from the Court's trial calendar in Denver, Colorado, on February 8, 1993. There was no appearance by or on behalf of petitioner. At that time, this Court set this case to be recalled on February 10, 1993. The Court also advised respondent's counsel to express-mail a letter to petitioner advising petitioner to be present when the case was recalled by the Court on February 10, 1993. Again, there was no appearance by or on behalf of petitioner at the February 10, 1993, recall of this case. [3]
*391 It is well established that this Court can dismiss a case against a party if that party fails to follow our Rules or otherwise fails to properly prosecute his case. . As set forth above, petitioner failed to cooperate with respondent's discovery attempts. Petitioner also disregarded the written orders of this Court by which we ordered petitioner to produce documents and answer interrogatories. Moreover, we find that petitioner's failure to cooperate with respondent during the pretrial period has made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(a). The standing pretrial order has not been complied with by petitioner, nor the mandates of the Court in . Furthermore, no trial memorandum was filed by or on behalf of petitioner. Accordingly, we find that respondent clearly prevails on the underlying deficiencies and the additions to tax, for which petitioner bears the burden of proof, on the ground either that petitioner *392 has defaulted by not appearing at trial or that petitioner failed to carry his burden of proof. . As to the additions to tax for fraud, the burden of proof is on respondent, and she must carry that burden by clear and convincing evidence. . Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. , affg. . Respondent's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). . Fraud was raised by respondent in the deficiency notice for taxable years 1986 and 1987. Where a taxpayer has failed to appear and proceed with his case, an entry of a default decision including additions to tax for fraud is "appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently *393 underpaid his taxes. , affd. . We have reviewed the specific allegations of petitioner's fraudulent underpayment of taxes, pled in detail by respondent in her answer and deemed admitted pursuant to Rule 37(c), and we find that such allegations clearly support a finding of fraud by clear and convincing evidence. An appropriate order and decision will be entered. [4]
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. The addition to tax under sec. 6653(a)(2) is in an amount equal to 50 percent of the interest due with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regula-tions.↩
2. The addition to tax under sec. 6653(b)(1)(B) is in an amount equal to 50 percent of the interest due with respect to the portion of the underpayment attributable to fraud.↩
2. Matters raised by the statutory notice for the years at issue include unreported income and failure to substantiate rental expenses and other itemized deductions, as well as the disallowance of certain dependency exemptions.↩
3. An unusual letter was apparently slid under the door of this Court's chambers at Denver, Colorado, on Feb. 9, 1993, after Court hours. Through this letter, petitioner asked the Court to continue this case for reasons relating to petitioner's health. The Court ordered petitioner's defective motion to continue lodged, but not filed. However, given petitioner's repeated lapses, failures to respond, and numerous months of inaction, we find that the above-referenced letter was another dilatory maneuver by petitioner. We also note that this Court previously imposed sanctions on this same petitioner for similar delay tactics in , which related to petitioner's 1980, 1981, and 1982 tax years. In Brewster↩, this Court imposed sanctions on petitioner, stating in part: "[Petitioner's] sole purpose in filing this proceeding has been to delay the redetermination and payment of his tax liabilities. He has done so by adopting a variety of dilatory tactics, including misrepresenting facts and making promises to this Court which he never intended to keep."
4. At trial, respondent's counsel made certain concessions to the deficiencies and additions to tax asserted in the statutory notice. This Court will grant respondent's motion to dismiss for lack of prosecution and enter a decision reflecting the reduced amounts stated by respondent at trial.↩